IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **KARL ALLEN BJORK, # 167949,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil No. 3:26-cv-626 Judge** |
| | ) | |
| **TDOC SENTENCE MANAGEMENT, *et al.*,** | ) | **Trauger** |
| | ) | |
| | ) | |
| **Defendants.** | | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Karl Bjork, who is in custody of the Trousdale Turner Correctional Center in Hartsville, Tennessee, filed a pro se complaint alleging that he is being held beyond what Plaintiff believes to be the correct end date of his criminal sentence, and the Williamson County Court refuses to grant his release. (Doc. No. 1). As explained below, this action will be dismissed for failure to state a claim upon which relief may be granted.

### I. Filing Fee

Plaintiff has filed an Application for Leave to Proceed In Forma Pauperis ("IFP Application") (Doc. No. 2). Under the Prisoner Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). From a review of Plaintiff's IFP Application and supporting documentation, it appears that he lacks sufficient financial resources from which to pay the full filing fee in advance. Therefore, his IFP Application (Doc. No. 2) will be granted.

Under § 1915(b), Plaintiff nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the remainder

in installments. Accordingly, Plaintiff is hereby assessed the full civil filing fee of $350, to be paid as follows:

(1) The custodian of Plaintiff's inmate trust fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, 20 percent of the greater of – (a) the average monthly deposits to Plaintiff's account; or (b) the average monthly balance in Plaintiff's account for the 6-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust fund officer must withdraw from Plaintiff's account and pay to the Clerk of this Court monthly payments equal to 20% of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this court as required by this Order, he or she must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this Order and submit it to the Clerk along with the payment. All submissions to the court must clearly identify Plaintiff's name and the case number as indicated on the first page of this Order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** send a copy of this Order to the administrator of inmate trust fund accounts at the Trousdale Turner Correctional Center to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the

custodian of his inmate trust fund account **MUST** ensure that a copy of this Order follows Plaintiff to his new place of confinement for continued compliance.

## II. Screening Standards

The court must conduct an initial review and dismiss the Complaint if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. Review of the Complaint to determine whether it states a claim upon which relief may be granted asks whether it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470−71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although pro se pleadings must be liberally construed, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the plaintiff must still "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678, upon "view[ing] the complaint in the light most favorable to the plaintiff[.]" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009).

## III. Allegations and Claims

In the Complaint, Plaintiff alleges that his July 2024 Williamson County judgment of conviction for a sixth offense of driving under the influence ("DUI") has not been entered into the Tennessee Department of Correction computer system, resulting in his continued custody beyond what Plaintiff believes his release date to be.[1] (Doc. No. 1 at 1). Judge Deana Hood reviewed his

[1] The Tennessee Department of Correction website indicates that Plaintiff is serving two active sentences, one for his fifth DUI and one for his sixth DUI, with a Sentence End Date of March 19, 2029, and a Parole Hearing Date of October 12, 2026. *See* "Offender Details," Karl Bjork, 167949, available by search at https://foil.app.tn.gov/foil/details.jsp (last viewed September 18, 2026).

case on April 27, 2026, but did not grant release. (*Id.*) Judge Hood told Assistant District Attorney Dale Evans to "figure this out." (*Id.* at 2). Plaintiff remains in custody.

Plaintiff asserts that his continued incarceration violates his Fourteenth Amendment right to due process and his First Amendment right to access the court system. (*Id.* at 3). He further asserts that the Tennessee Department of Correction has committed aggravated kidnapping of him in violation of state law. (*Id.*)

**IV. Analysis**

"Congress in enacting habeas and civil rights statutes and the Supreme Court in interpreting them have tried to mark that line using clear principles for when a claim falls into habeas versus § 1983." *Kitchen v. Whitmer*, 106 F.4th 525, 544 (6th Cir. 2024). "[P]risoners can 'proceed under § 1983' if (1) they do not seek an 'injunction ordering immediate or speedier release into the community,' and (2) 'a favorable judgment would not necessarily imply the invalidity of their convictions or sentences.'" *Id.* at 539 (quoting *Skinner v. Switzer*, 562 U.S. 521, 533−34 (2011)). Otherwise, habeas corpus is the proper vehicle.

Here, Plaintiff seeks an injunction ordering his immediate release. (*See* Doc. No. 1 at 3). He also seeks $3.5 trillion in damages for being the victim of aggravated kidnapping. (Doc. No. 10 at 1).

As the court has already informed Plaintiff in this case and at least one other, he may not seek release from custody in a Section 1983 action. (*See* Doc. No. 9) (denying motion to compel release and explaining, "The plaintiff may not seek release from custody in this civil action."); *Bjork v. WCSO Jail*, No. 3:26-cv-00666, (Doc. No. 5 at 2) ("Plaintiff may not seek release from custody in a Section 1983 civil rights action."). Accordingly, Plaintiff's Complaint will be

dismissed for failure to state a claim upon which relief may be granted. This dismissal will be made without prejudice to Plaintiff filing a habeas corpus action challenging his ongoing custody.

## V. Conclusion

Plaintiff's most recent IFP Application (Doc. No. 2) is **GRANTED**. The court has screened the Complaint, and this action is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

Plaintiff's pending motions (Doc. Nos. 3, 10, 11, 13, 14, 15, 17, and 18) are **DENIED** as moot.

This action is now closed. The Clerk shall enter judgment in accordance with Rule 58(b) of the Federal Rules of Civil Procedure. Any appeal in this case would be frivolous, as Plaintiff has no objectively good-faith argument that dismissal of the Complaint was in error.

It is so **ORDERED**.

Aleta A. Trauger
United States District Judge